(112 So. 537)

## MOWER v. STATE.   (6 Div. 68.)

Court of Appeals of Alabama.   April 5, 1927.

Rehearing Denied April 19, 1927.

William C. Rayburn, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

Ward, Nash & Fendley, of Oneonta, for appellant.

Charlie C. McCall, Atty. Gen., and J. T. Johnson, of Oneonta, for the State.

BRICKEN, P. J.   Upon the trial of this case in the circuit court the issue involved was the tax value of certain real estate owned by appellant in Blount county, Ala. It appears from the record, without dispute, that the property involved was assessed by the owner for the year 1925 at $15,000, and that this assessment was raised by the board of review of said county to $22,640; that protest

to such raise was duly made to the board of review and overruled, whereupon an appeal was taken to the circuit court, and was there tried by a jury, demand for which had been made in writing. The trial in the circuit court resulted in a verdict by the jury which fixed the tax value of the property at $20,-520, thus reducing the board's assessment, from which, as stated, the appeal was taken to the circuit court. The court upon its own motion taxed the property owner with five-sevenths of the costs of these proceedings, to which action exception was duly reserved. This action of the court is made the basis of appellant's first assignment of error.

The governing statute, Code 1923, § 7221, provides that the successful party in all civil actions is entitled to full costs, and that judgment must be rendered therefor, unless in cases otherwise directed by law, or by the judgment of the court. And this statute gives the court authority, applying his discretion, to apportion the costs as justice and equity may require. In the instant case can it be said that the appellant was the successful party? Unquestionably, if that were true, equity and justice would require and the law provides that she would be entitled to full costs. But here it affirmatively appears that appellant was only partially successful, in that the assessment made by the board upon her property was reduced by the verdict of the jury approximately two-sevenths of the amount in controversy; she was, therefore, manifestly unsuccessful in her appeal to the extent of the remaining five sevenths; and it appears to us that in apportioning the cost, as was here done by the court, it was only fair and right that each party to the suit should bear its proportionate part of the costs of the proceedings. As stated, the court was vested with a certain discretion—a discretion based upon justice and equity. In view of the conditions, and from what has been said, we are not prepared to hold that an abuse of the court's discretion appears sufficient to warrant this court in revising the court's action in this connection. This assignment of error therefore cannot be sustained.

This is a civil action, and assignment of errors is therefore necessary. This the appellant has done, having assigned 14 separate and distinct grounds. It is insisted, however, by counsel for appellee, that the remaining assignments of error have been waived by appellant in that a noncompliance with rule 10 is apparent; that appellant has failed in her brief to argue or cite any authorities in support of the remaining assignments.

A strict or substantial adherence to the rule (rule 10, p. 882, Code 1923), tends greatly in assisting the appellate courts, not only in reaching the correct conclusion and in the preparation of the opinion, but also in the consideration of the case in consultation; while,

on the other hand, a brief prepared in violation of this rule is calculated to confuse rather than aid the court, and results in an unnecessary burden upon appellate courts. It would necessarily be with much reluctance that this court should feel called upon to strike a brief for a noncompliance of the rules, but that the appellate court has the authority so to do cannot be questioned.

The rules of evidence relative to the issue involved upon this trial are simple and have often been announced by the appellate courts of this state. We shall not restate or discuss these rules here. We are of the opinion that the trial court ruled fairly and impartially and without error in the instances complained of and that the court's instructions to the jury were free from prejudicial error. The verdict of the jury was responsive to the evidence.

Let the judgment appealed from stand affirmed.

Affirmed.